IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00239-REB-MEH

ZEN & ART OF CLIENTS SERVER COMPUTING, INC., a New Jersey corporation,

      Plaintiff,
v.

RESOURCE SUPPORT ASSOCIATES, INC. d/b/a RSA COMPANIES, a Colorado corporation,

      Defendant.

## RECOMMENDATION

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant's Motion to Set Aside Clerk's Entry of Default [Docket #13]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Defendant's Motion.

**I.  Facts**

Plaintiff filed its Complaint on February 10, 2006, alleging breach of contract and an equitable claim based on services rendered. Defendant was served via certified mail on March 3, 2006. After Defendant failed to timely respond, Plaintiff filed a Motion for Default Judgment on April 17, 2006. The Clerk of the Court entered default against Defendant on April 18, 2006. On April, 27, 2006, Defendant filed the instant Motion to Set Aside Clerk's Entry of Default.

Defendant's chief executive officer and registered agent, Robert Fuglei states that he was unaware that service of process could be accomplished via certified mail due to his failure to have a current address for a registered agent on file with the State of Colorado. He also asserts that he did

not realize that his company could be served in a new lawsuit in federal court based on allegations that were litigated in state court beginning in April 2003. Mr. Fuglei explains that he contacted counsel as soon as he received the clerk's entry of default and that his company intends to vigorously defend against these claims. Defendant also alleges that it has several meritorious defenses to assert against these claims, including the statute of limitations and setoff. Defendant argues that these facts support setting aside the clerk's entry of default under the good cause standard required by Fed. R. Civ. P 55(c).

In response, Plaintiff contends that it was initially unable to locate Defendant due to its failure to update its address with the Colorado Secretary of State. Plaintiff points out that despite this inaccuracy, the Summons, Complaint, and all related documents were received by Defendant on March 3, 2006. Plaintiff asserts that Mr. Fuglei's alleged misunderstanding of the legal process does not comport with his company's claims that it is a "highly respected national consulting organization . . . [with] 25 years of outstanding IT expertise." Plaintiff argues that Defendant was utterly careless in its failure to timely respond and that it cannot properly support an argument of excusable neglect. Plaintiff further argues that Defendant's asserted defenses have no merit.

**II.     Discussion**

    **A.     Legal Standard for Setting Aside the Clerk's Entry of Default**

The decision to set aside an entry of default lies within the discretion of the trial court. *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003). The entry of default may be set aside "for good cause shown." Fed. R. Civ. P. 55(c). This good cause standard under Rule 55(c) is a lesser standard than the excusable neglect standard required to obtain relief from judgment under Rule 60(b). *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

The good cause standard is fairly liberal because "the preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). "For example, 'inadvertence' if facts establishing it are shown, may provide an excuse legally sufficient to set aside a default entry under Rule 55(c)." *United States v. Topeka Livestock Auction, Inc.*, 392 F. Supp. 944, 950 (N.D. Ind. 1975) (citing *Teal v. King Farms Co.*, 18 F.R.D. 447 (E.D. Pa. 1955)).

To determine whether to vacate the clerk's entry of default, the Court must consider the following factors: (1) whether the Defendant's culpable conduct led to the default; (2) whether Plaintiff will be prejudiced by setting aside the entry of default; and (3) whether Defendant has a meritorious defense. *Gilmore v. Carlson*, 72 Fed. Appx. 798, 801 (10th Cir. Aug. 8, 2003). Nevertheless, "A court need not consider all of the factors, and may consider other factors as well." *Guttman v. Silverberg*, 167 Fed. Appx. 1, 4 (10th Cir. Dec. 19, 2005) (citing *In re Dierschke*, 975 F.2d 181, 183-84 (5th Cir. 1992), *cert. denied* 2006 U.S. LEXIS 3460 (May 1, 2006)).

### B. Setting Aside the Entry of Default is Proper in this Case

First, a willful failure to respond constitutes culpable conduct. *United States v. Timbers Preserve, Rott County*, 999 F.2d 452, 454 (10th Cir. 1993). Conversely, courts have consistently held that an honest mistake by the Defendant does not represent a willful failure to respond. *E.g.*, *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002) (holding that default judgment may be set aside for "good cause, and upon a showing of mistake, or any other just reason"); *Ledbetter v. Kansas Dep't of Soc. & Rehab.*, No. 99-2261, 2000 U.S. Dist. LEXIS 1935 (D. Kan. Jan. 3, 2000) (concluding that a failure to respond was not willful when the defendant thought the plaintiff had not properly obtained service because "[a] good faith mistaken belief

regarding procedural questions is generally not culpable conduct"); *Savin Corp. v. C.M.C. Corp.*, 98 F.R.D. 509, 510-11 (N.D. Ohio 1983) (finding that a mistake regarding the time to respond was not willful because the defendant "expeditiously moved to remedy his mistake").

Here, Defendant asserts that Mr. Fuglei believed that the company had not yet been properly served. Plaintiff argues that Defendant was utterly careless in failing to respond. Following the reasoning in the cases cited above, the Court believes that Defendant has established an honest mistake regarding a procedural question that does not constitute culpable conduct. Morever, Defendant filed the Motion to Set Aside the Clerk's Entry of Default only ten days after default entered. This quick response to remedy its mistake does not evidence a desire to delay litigation but, rather, provides further support for Defendant's contention that its failure to respond was an honest mistake. *See Savin Corp.*, 98 F.R.D. at 511. This Court, therefore, concludes that Defendant's failure to defend against this lawsuit was not willful under the liberal standards of Rule 55(c).

Second, the Court finds no prejudice to Plaintiff in setting aside an entry of default this early in the case. *Currie v. Woods*, 112 F.R.D. 408, 410 (E.D.N.C. 1986) (finding no prejudice when the motion to set aside default was filed only eighteen days after default was entered). Defendant's counsel entered an appearance seven days after the clerk's entry of default and filed the instant motion only ten days after the entry of default. Thus, the Court finds that this slight delay will not prejudice Plaintiff's ability to prosecute its case.

Third, Defendant must set forth with specificity a meritorious defense. *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). "[T]he court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *Id.*

4

In this case, Defendant asserts the statue of limitations and setoff as defenses to Plaintiff's claims. Defendant alleges that Plaintiff's claims are subject to the three-year statute of limitations, although Plaintiff claims a six-year statute of limitations applies. Without reaching the full merits of the defense, the Court recognizes that Defendant at least has articulated a valid argument to support the shorter statute of limitations. Defendant further argues that Plaintiff also breached its contract with Defendant in a manner that caused significantly more damage than Plaintiff seeks in this lawsuit. Plaintiff did not address these allegations. Because Defendant has set forth specific allegations to support its defense, not simply general denials, the Court believes that Defendant should have the opportunity to assert these defenses against Plaintiff's claims. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951) (holding that any doubts regarding entry of default should be resolved in favor of the defendant, particularly because "matters involving large sums of money should not be determined by default judgment if it can reasonably be avoided").

In sum, the Court finds that Defendant's failure to respond resulted from an honest mistake regarding the procedural requirements of service, rather than any bad faith motive to delay litigation. In addition, Defendant quickly moved to set aside the entry of default such that setting aside default will not prejudice Plaintiff. Further, Defendant has put forth sufficient allegations to support meritorious defenses.

### III.   Conclusion

Accordingly, the Court RECOMMENDS that Defendant's Motion to Set Aside Clerk's Entry of Default [Filed April 27, 2006; Docket #13] be **granted**. The Court believes that Defendant has satisfied the liberal requirements under Rule 55(c) to support setting aside the entry of default. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve

and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 15th day of June, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).